UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number: 25-CR-10027-MARTINEZ**

UNITED STATES OF AMERICA

v.

DUNIEL FLORIS-LINCHETA,

     Defendant.

_____/

### ORDER GRANTING DEFENDANT DUNIEL FLORIS-LINCHETA'S UNOPPOSED MOTION TO CONTINUE TRIAL AND RELATED DEADLINES AND TO TRANSFER CASE TO THE MIAMI DIVISION OF THIS COURT

**THIS CAUSE** came before the Court upon *Defendant Duniel Floris-Lincheta's Unopposed Motion to Continue Trial and Related Deadlines and to Transfer Case to the Miami Division of this Court*, ("the Motion"), **[ECF No. 21]**. The Court has reviewed the issues at hand and is otherwise fully advised in the premises.

After careful consideration, the Court finds that the ends of justice will be served by a continuance of the trial as to the Defendant as set forth below, and that an extension outweighs the interest of the public and the Defendant in a speedy trial.  Therefore, it is

**ORDERED AND ADJUDGED** that both the continuance and the transfer to Miami at the request of the parties is **GRANTED**.

The previous calendar call and trial date are CANCELLED.  Trial in this cause is reset during the two-week trial period starting on **Monday, February 23, 2026, at 9:30 a.m.**, at the Wilkie D. Ferguson Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 10-1, Miami, Florida 33128. Calendar Call will be held on **Thursday, February 19, 2026, at 1:30 p.m.** also at the Wilkie D. Ferguson Jr. United States Courthouse, 400 North Miami Avenue, Courtroom 10-1, Miami, Florida 33128. All counsel must be present at the calendar call.

The Court finds that the period of delay from January 12, 2026, to February 23, 2026, and any other trial date set hereafter is excludable in calculating the period within which trial must commence in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. § 161(h)(7)(A). This Court finds that: 1) the period for delay resulting from the granting of this joint continuance, to and including the date the trial commences, is excludable time in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*; and 2) the ends of justice are served by granting the continuance and outweigh the best interest of the public and Defendant with regard to a speedy trial pursuant to 18 U.S.C. § 3161 because the failure to grant the continuance will prevent the Defendant from receiving an effective defense.

Additionally, for this purpose, it should be noted that speedy trial has been waived in the eleventh paragraph, which is titled "Waiver of Speedy Trial," on page three of the Motion **[ECF No. 21]**, wherein it states: "Defendant, DUNIEL FLORIS-LINCHETA, by and through his undersigned attorney, hereby waives his right to a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161, from January 12, 2026, through and including the next scheduled trial date."

Parties shall file their joint proposed jury instructions as well as verdict forms and proposed voir dire questions, if any, one week prior to calendar call. For all other pretrial deadlines, the parties shall refer to the Court's scheduling order **[ECF No. 19]** for applicable deadlines.

There will be no more continuances granted in this matter absent exigent circumstances.

**DONE AND ORDERED** at Chambers in Miami, Florida, this 13 day of January, 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record
        United States Probation Office