UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cr-10027-MARTINEZ/MATTHEWMAN

UNITED STATES OF AMERICA,

v.

DUNIEL FLORIS-LINCHETA,

    Defendant.

_____/

FILED BY_____SW_____D.C.

**Mar 19, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOLLOWING CHANGE OF PLEA HEARING

**THIS CAUSE** is before the Court upon Order of Reference from the Honorable United States District Judge Jose E. Martinez, DE 27, and the consent of the parties for a United States Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Duniel Floris-Lincheta ("Defendant"). The Court held a change of plea hearing in open Court on March 19, 2026, which was attended by Defendant, his counsel, David Antonio Donet, Jr., and Assistant United States Attorney, Katie Wilson, on behalf of the Government. The Court hereby advises, finds, and recommends as follows:

The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court also advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge, who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1.      The Court advised Defendant that he did not have to consent to the Undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

2.      The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3.      This Court also made certain that Defendant was aware of the charge listed in the Indictment and the maximum sentence which could be imposed in this case pursuant to the plea agreement, sentencing guidelines, and applicable statutes.

4.      Defendant acknowledged that he was fully satisfied with the services of his attorney David Antonio Donet, Jr., and that he had full opportunity to discuss all facets of his case with his attorney.

5.      There is no written plea agreement in this case. Defendant pled guilty to the Indictment. Counsel for the Government represented that it may be making the following nonbinding recommendations to the U.S. District Judge at the time of sentencing: a reduction of the sentencing guideline level applicable to the Defendant's offense based upon Defendant's affirmative and timely acceptance of personal responsibility and credit for time served. However, Defendant acknowledged and understood that the District Judge may accept or reject any recommendations made by the Government or Defendant.

6.      Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to the sole count of the Indictment. The Indictment charges Defendant with illegal re-entry into the Unites States after deportation or removal in violation of 8 U.S.C. § 1326(a). [DE 3].

7.      Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the Undersigned:

**FINDS** and **RECOMMENDS** that Defendant, Duniel Floris-Lincheta, (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to the sole count in the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. Jdg. R. 4(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach in the Southern

District of Florida, this 19th day of March 2026.

WILLIAM MATTHEWMAN
Chief United States Magistrate Judge